IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABLEAU SOFTWARE, INC., | No. C 06-04639 CRB |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| ANY ASPECT KFT., | |
| Defendant. | |

This is a software copyright infringement lawsuit against a Hungarian company. Plaintiff attempted service on defendant under the Hague Convention in November 2007. Now pending before the Court is defendant's motion to dismiss for lack of personal jurisdiction. After carefully considering the papers submitted by the parties, the Court DENIES the motion to dismiss and directs defendant to file an answer within 20 days of the date of this Order.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff Tableau Software, Inc., a United States corporation, markets software that, in general terms, enables people to see and understand information in databases. Tableau encrypts its software so that users cannot access the underlying computer code, that is, the source code.

In April 2005, an individual identified as Csaba Varkoly requested and received a free

trial version of Tableau's software. The trial version came with a license agreement prohibiting users from attempting to discover the source code. In 2006, Tableau learned that an individual identified as Csaba placed a comment on a website that reviews software to advertise the introduction of A2 from a company called AnyAspect. The comment gave a website of www.anyaspect.com. This Csaba and the Csaba that requested the trial version of Tableau's software are the same person. Tableau visited the AnyAspect website and discovered that anyaspect.com was offering two software products; a website visitor could request a free trial version.

While in the United States, Katherine Walker requested and received a trial version of AnyAspect's software. Csaba Varkoly responded to her request and offered her a 25 percent discount if she purchased the software. Soon thereafter AnyAspect made the trial version available for download on its website without the need for a formal request. Tableau downloaded the trial version and discovered that it had "striking similarities" to Tableau's software, including functions that AnyAspect's software did not need but were in Tableau's software. Tableau alleges that AnyAspect either stole the source code in the United States, or reversed engineered the trial version of Tableau's software provided to Csaba.

## PROCEDURAL HISTORY

Tableau filed this lawsuit against AnyAspect alleging copyright infringement and violation of the Computer Fraud and Abuse Act. AnyAspect is a Hungarian company, and while Tableau emailed and mailed the complaint to AnyAspect, it did not attempt service under the Hague Convention until later in 2007. AnyAspect does not challenge the sufficiency of service of process.

In response to the lawsuit, GoDaddy.com, who is the domain registrar for AnyAspect, disabled anyaspect.com and it has not been reactivated. AnyAspect has filed a lawsuit against Tableau in Hungary.

AnyAspect now moves to dismiss the action for lack of personal jurisdiction.

*//*

*/*

**BURDEN OF PROOF**

Although AnyAspect is the moving party on the motion to dismiss, Tableau bears the burden of establishing that personal jurisdiction exists. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). "Where, as here, the district court receives only written submissions, the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss." Id. In determining whether Tableau has met this burden, uncontroverted allegations in its complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in Tableau's favor. Id.

**DISCUSSION**

AnyAspect moves to dismiss on the ground that it is located in Hungary and has no offices, employees, agents, telephone listing, or property in the United States. Nor does it engage in any newspaper, magazine or other print, radio or television advertising in the United States. AnyAspect does admit, however, that it downloaded Tableau's software from Tableau's website. In support of its motion, AnyAspect submits a declaration of Csaba Varkoly and Tamas Karoly, together. They each own 50 percent of AnyAspect and attest that they did not copy Tableau's source code.

Tableau responds that personal jurisdiction is proper under the federal long arm statute, Federal Rule of Civil Procedure 4(k)(2). "The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors. First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1159 (9th Cir. 2006). The first two facts are indisputably met here: Tableau's claims arise under federal law and, according to AnyAspect, it is not subject to the jurisdiction of any state in the United States.

That leaves the third factor--due process. The due process analysis is the same as when evaluating whether jurisdiction over a defendant in a particular state comports with due process, except here the relevant forum is the entire United States. Id. Tableau must make a

prima facie showing that (1) AnyAspect performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in the United States; (2) Tableau's claims arise out of the United States-related activities; and (3) the exercise of jurisdiction is reasonable. Rio Properties, Inc., 284 F.3d at 1019.

"The purposeful availment requirement ensures that a non-resident defendant will not be haled into court based upon random, fortuitous, or attenuated contacts with the forum state." Rio Properties, 284 F.3d at 1019. "A non-resident defendant purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) causing harm, the brunt of which is suffered-and which the defendant knows is likely to be suffered-in the forum." Id.

The Ninth Circuit has held that merely operating a passive website or advertising on the web, when the advertiser has done nothing to encourage residents of the forum to access its site, is insufficient to confer personal jurisdiction. Cybersell, Inc. v. Cybersell, 130 F.3d 414, 418-20 (9th Cir. 1997). However, operating a passive website plus "something more" can be sufficient to show purposeful availment. Rio Properties, 284 F.3d at 1020. In Panvision Inten. v. Toeppen, the "something more" was defendant having sent a letter to the plaintiff demanding money in return for the hijacked domain name. 141 F.3d 1316, 1322 (9th Cir. 1998). In Rio Properties, the "something more" was the defendant having specifically targeted the state (Nevada) by running radio and print ads that demonstrated an insistent marketing campaign toward Nevada. 284 F.3d at 1020-21.

Here, Tableau does not rely on AnyAspect's maintenance of a website to show purposeful availment; instead, Tableau focuses on its assertion that AnyAspect intentionally copied Tableau's source code and then offered the copied software to consumers in the United States. This is sufficient to meet its prima facie burden.

First, while AnyAspect claims generally that it developed its software "independently," it does not offer any rebuttal or explanation to Tableau's allegation that

AnyAspect's software is strikingly similar to Tableau's software and in ways that can only be explained by copying. Thus, the Court accepts Tableau's evidence of copying as true.

Second, AnyAspect admits it obtained a copy of Tableau's software by requesting a copy from Tableau in the United States. This is evidence of purposefully availing itself of the privilege of doing business in the United States.

Third, AnyAspect specifically targeted consumers in the United States by posting a comment on an American website to advertise its new software and encourage American consumers to visit its website. It also offered its software to consumers in the United States, and there is evidence that AnyAspect directly provided its software to at least one United States consumer.

Finally, the effects of AnyAspect's conduct were felt in the United States; Tableau was effected (harmed) by AnyAspect's copying of its software and then marketing its copied software in the United States.

AnyAspect's contacts with the United States were not in any way fortuitous or random and Tableau's claims arise directly from these activities. Tableau has thus satisfied its prima facie burden and the motion to dismiss should be denied.

## CONCLUSION

AnyAspect's motion to dismiss for lack of personal jurisdiction is DENIED. Tableau has made a prima facie showing of personal jurisdiction based on its evidence of intentional copying of Tableau's software and AnyAspect's marketing of the copied software in the Unites States.

AnyAspect shall file its answer within 20 days of the date of this Order. The Court will hold the case management conference on February 29, 2008 at 8:30 a.m.

**IT IS SO ORDERED.**

Dated: February 1, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE