IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABLEAU SOFTWARE, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ANY ASPECT KFT.,<br><br>    Defendant.<br>_____/ | No. C 06-04639 CRB<br><br>**MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

    Now pending before the Court is plaintiff's motion for partial summary judgment of liability on their copyright infringement claim. Two days before the summary judgment hearing defendant filed an opposition, although it did not appear for oral argument. Plaintiff subsequently filed a reply and the Court took the matter under submission. After carefully considering the argument and admissible evidence submitted by the parties, the Court GRANTS plaintiff's motion for partial summary judgment.

**DISCUSSION**

    In order to prevail on its copyright infringement claim, plaintiff must prove: (1) ownership of a valid copyright in its Tableau software, and (2) copying of expression protected by that copyright. See Triad Systems Corp. v. Southeastern Express Co., 64 F.3d 1330, 1335 (9th Cir. 1995).

//

### A. Ownership Of Copyright

As proof that it owns a valid copyright in its software, plaintiffs offers its copyright registration for all six versions of its program. These registrations create a rebuttable presumption that Tableau's copyright in the program is valid. See 17 U.S.C. § 410; Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997). Defendant may rebut this presumption by introducing "some evidence or proof" that Tableau's copyright in the work is not valid. Id. If defendant rebuts the presumption, the burden shifts back to plaintiff to demonstrate the validity of its copyright. See id. at 1218.

Defendant's opposition does not rebut the presumption; indeed defendant states that it does not dispute plaintiff's registration of its software. Accordingly, plaintiff has met its summary judgment burden on the "ownership of valid copyright" element.

### B.   Copying of expression protected by the copyright

Because direct evidence of copying rarely is available, a plaintiff may establish copying by circumstantial evidence of: (1) the defendant's access to the copyrighted work prior to the creation of the defendant's work; and (2) substantial similarity between the copyrighted work and the defendant's work. Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1442 (9th Cir. 1994). In demonstrating substantial similarity, the plaintiff may not place any reliance upon similarities resulting from unprotected elements. Id. at 1446. Unprotected elements must be identified and filtered out before the works are compared. See id. Such elements include code dictated by efficiency concerns and functional considerations as well as non-original code derived from material found in the public domain. See Computer Associates International v. Altai, Inc., 982 F.2d 693, 707-10 (2d Cir.1992).

Tableau has produced evidence sufficient for a trier of fact to find that defendant had access to Tableau's software before AnyAspect developed the challenged software. In particular, Mr. Varkoly, an admitted agent of AnyAspect and the person responsible for making AnyAspect's software available over the internet to persons in the United States, received a copy of Tableau's software in April 2005. While Tableau did not provide Mr.

Varkoly with the source code, sophisticated software engineers can sometimes "reverse engineer" the object code to reveal the source code.

In its second motion to dismiss, AnyAspect contends that it was not incorporated until May 2005 and therefore could not have accessed Tableau's software before that date. AnyAspect does not, however, dispute that Mr. Varkoly, an AnyAspect managing director, received a copy of Tableau's software shortly before AnyAspect was incorporated. This undisputed evidence proves defendant's access.

Tableau has also produced admissible evidence that demonstrates that AnyAspect's software is nearly identical to Tableau's software. Tableau identifies myriad examples of identical code, including identical bugs. Tableau has also produced evidence that gives rise to an inference that AnyAspect developed the accused software with unusual speed given the small size of the company. This fact, too, is consistent with copying the source code.

AnyAspect's opposition fails to directly address any of this evidence; instead, AnyAspect merely asserts that AnyAspect's software contained only 87,000 lines of code whereas plaintiff's software contained 400,000 lines of code. To support this assertion it attaches to its opposition a document which contains a screen-shot from a computer running "LocMetrics" software. AnyAspect claims this document supports its assertion as to the difference in lines of code.

AnyAspect's assertion is insufficient to defeat summary judgment because it has not offered an affidavit or other admissible evidence in support of this assertion. See Fed. R. Civ. P. 56(e)(2) (a party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial."). Defendant does not offer any evidence as to LocMetrics; it has not submitted any evidence that authenticates the screen-shot on which AnyAspect relies; and there is no evidence that--even assuming LocMetrics accurately measures lines of code--it measured the code in the accused product as opposed to some other version of defendant's software or even different software all

1  together. Simply asserting in a brief that the number of lines of code in the two software
2  programs is different is insufficient to defeat summary judgment.
3      In a "declaration" submitted jointly by Csaba Varkoly and Tamas Karoly–the owners
4  of AnyAspect–Varkoly and Karoly declare: "The source code of Insight A2 was designed
5  and developed exclusively and independently by AnyAspect." The declaration does not
6  create a genuine issue fact. An affidavit "must be made on personal knowledge, set out facts
7  that would be admissible in evidence, and show that the affiant is competent to testify on the
8  matter stated." Fed. R. Civ. P. 56(e)(1). The purported declaration does not meet these
9  requirements. First, it does not set out facts that would be admissible in evidence because it
10 is not made "under oath," that is, under penalty of perjury. See In re Sunset Bay Associates,
11 944 F.2d 1503, 1509-10 (9th Cir. 1991) (holding that deposition testimony is admissible to
12 oppose summary judgment if, as with an affidavit, the testimony is given under oath);
13 Curnow By and Through Curnow v. Ridgecrest Police, 952 F.2d 321, 324 (9th Cir. 1991)
14 (same). The purported declaration is merely signed, not sworn, and therefore is not
15 admissible to defeat summary judgment. Second, the "declaration" does not show that
16 Varkoly and Karole each have personal knowledge; it merely recites that they each own 50
17 percent of AnyAspect and are currently the company's managing directors. That Karoly is
18 currently one of the company's managing directors does not mean that he has personal
19 knowledge of the past development of the A2 software. While plaintiff's evidence suggests
20 that Varkoly would have such personal knowledge, the purported declaration was signed (but
21 not sworn to) by both without distinction. The declaration therefore does not create a
22 genuine issue of fact as to the copying of the source code.

23      **C.   The AnyAspect License Agreement**

24      In its unnoticed second motion to dismiss, AnyAspect argues that a license agreement
25 Tableau had to sign in order to receive a beta copy of AnyAspect's software requires any
26 copyright disputes be litigated in Hungary. Tableau's lawsuit here, however, does not arise
27 from AnyAspect's provision of its offending software to Tableau; even if AnyAspect had
28

1 never provided the software to Tableau, Tableau would still have a claim for violation of its
2 copyright.

### D. The Hungarian Proceedings

Defendant also asks this court to continue the summary judgment motion in light of the lawsuit defendant has filed against Tableau in Hungary.  It contends that the Hungarian Copyright Experts Body ordered both parties to submit their source codes to the Body for review and set a further hearing for May 21, 2008.

The Hungarian courts do not have jurisdiction of this lawsuit for infringement of a United States copyright in the United States; therefore, the Hungarian proceeding is not a reason to continue the summary judgment motion.

### CONCLUSION

The Court recognizes that defendant is an Hungarian company and therefore may not be familiar with the United States court system**.**  The Court has accordingly considered all of defendant's arguments, even when untimely.  The Court has also considered defendant's arguments even though it is not represented by an attorney authorized to practice in the United States District Court for the Northern District of California.  The Court cannot, however, excuse defendant's failure to offer admissible evidence.  Defendant has had ample opportunity to produce evidence that disputes plaintiff's evidence of the copying of its source code.  Defendant has not done so.  Based on the record properly before the Court, a reasonable trier of fact would have to find that defendant copied plaintiff's source code.  Accordingly, plaintiff's motion for partial summary judgment is GRANTED.

The parties are ordered to appear for a further Case Management Conference at 10:00 a.m. on Friday, July 11, 2008..

**IT IS SO ORDERED.**

Dated: June 9, 2008
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE